## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 13-62 |
| | ) | |
| LACIE HARPER, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

## I. MEMORANDUM

Defendant's Motion to Reduce Sentence – USSC Amendment § 3582(c)(2) (Doc. 405) will be denied.

**Background**

On November 13, 2013, Lacie Harper ("Defendant") pleaded guilty to a lesser included offense at Count 1 of the Superseding Indictment against her (conspiracy to distribute 100 grams or more of heroin). Change of Plea (Doc. 245). The Court was notified that Defendant and the Government had entered into an 11(c)(1)(C) plea agreement at that time. On March 24, 2014, Defendant was sentenced to 60 months of imprisonment at Count 1. Judgment in a Criminal Case (Doc. 340). This sentence was in accordance with the terms of the plea agreement.

On February 19, 2015, Defendant filed a *pro se* Motion to Reduce Sentence – USSC Amendment § 3582(c)(2). (Doc. 405). On March 31, 2015, the Court ordered that the Federal Public Defenders Office be appointed to represent Defendant in all matters pertaining to this action. (Doc. 421). On April 21, 2015, the Government filed its Opposition to Defendant's Motion, stating that she is subject to a mandatory minimum sentence of 60 months and thus she is ineligible for a reduction in sentence. (Doc. 433). Defendant, through counsel, filed no Reply.

**<u>Analysis</u>**

Section 3582(c)(2) of Title 18 of the United States Code makes clear that:

> [a] district court only has the authority to consider whether a defendant should receive a reduction in sentence under § 3582(c)(2) when the defendant has been: (1) sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission; and when such a reduction is (2) consistent with the applicable policy statements issued by the Sentencing Commission.

<u>United States v. Weatherspoon</u>, 696 F.3d 416, 422 (3d Cir. 2012) (citing 18 U.S.C. § 3582(c)(2);

<u>United States v. Doe</u>, 564 F.3d 305, 309 (3d Cir. 2009) *superseded by statute on other grounds*

*as recognized in* <u>United States v. Savani</u>, 733 F.3d 56 (3d Cir. 2013)).  The Government argues

that Defendant is ineligible for a reduction in sentence because the sentencing range applicable to

her was not, in fact, lowered by Amendment 782, due to the applicability of a statutory

minimum.  Gov't Resp. in Opp'n (Doc. 433).

When a "mandatory minimum sentence exceed[s] the Guidelines range, the mandatory

minimum bec[omes] the Guidelines sentence, pursuant to U.S.S.G. § 5G1.1."  <u>United States v.</u>

<u>Doe</u>, 564 F.3d at 308; <u>see also</u> U.S.S.G. § 5G1.1; <u>United States v. Korbe</u>, 2012 WL 6562600,*3

(W.D. Pa. 2012) ("This statutory mandatory minimum sentence . . . completely superseded the

advisory guideline calculation.").  Defendant is subject to a statutory mandatory minimum

sentence of 60 months' incarceration, the sentence she received.  21 U.S.C § 841(b)(1)(B).

Therefore, Defendant also is subject to a minimum Guideline term of 60 months' imprisonment.

U.S.S.G. § 5G1.1.  Due to the statutory mandatory minimum, her Guideline range has not been

lowered by the Sentencing Commission pursuant to Amendment 782, and she fails to satisfy the

first requirement outlined in <u>Weatherspoon</u>.  696 F.3d at 422 (requiring that the defendant

demonstrate that she was "sentenced to a term of imprisonment based on a sentencing range that

has been subsequently lowered by the Sentencing Commission").

As Defendant's sentencing range was not lowered subsequent to sentencing, she is not eligible for a reduction in sentence, and thus her Motion for reduction of sentence must be denied.

## **II. ORDER**

Consistent with the foregoing, Defendant's Motion to Reduce Sentence – USSC Amendment § 3582(c)(2) (Doc. 405) is DENIED.

.

August 6, 2015                                           s\Cathy Bissoon_____
                                                                  Cathy Bissoon
                                                                  United States District Judge

cc (via ECF email notification):

All Counsel of Record